UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20401-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOJANI MADRIGAL, and
RONAHILN PEGUERO-PENA,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Yojani Madrigal's and Ronahiln Peguero-Pena's (collectively "Defendants") Joint Motion to Dismiss Indictment ("Motion"), ECF No. [21]. The Government filed a Response in Opposition, ("Response"), ECF No. [23]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

Defendants were charged by Indictment with two Counts: (1) Conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), and 70506(b); and (2) Possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1). ECF No. [5]. According to the Government's allegations, on August 22, 2024, Defendants were interdicted on a vessel with cocaine on board. The interdiction occurred approximately eighty-seven nautical miles south of the Dominican Republic, within the Dominican Republic's Exclusive Economic Zone ("EEZ"). *See* ECF No. [1] at 3.

Article I, Section 8, Clause 10 of the United States Constitution grants Congress the power "to define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." The Maritime Drug Law Enforcement Act ("MDLEA") criminalizes possessing a controlled substance while on board a covered vessel, "even though the act is committed outside the territorial jurisdiction of the United States." *See* 46 U.S.C. § 70503(a), (b). A "covered vessel" is a vessel subject to the jurisdiction of the United States, or a vessel without nationality, which includes "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." 46 U.S.C. § 70502(d)(1)(B).

Defendants seek dismissal on the basis that the MDLEA is unconstitutional as applied, because the Felonies Clause limits Congress's power to define and punish crimes on the "high seas." Defendants were interdicted within the Dominican Republic's EEZ, which Defendants, relying on customary international law, argue the "high seas" do not extend to. ECF No. [21] at 9. However, as highlighted by the Government, the Eleventh Circuit rejected this argument in *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024). Indeed, in *Alfonso*, the court held that an EEZ is part of the "high seas" for purposes of the Felonies Clause in Article I of the Constitution. 104 F.4th at 823.

Defendants acknowledge that *Alfonso* is contrary to their position — but nonetheless argue that *Alfonso* was wrongly decided. In *Alfonso*, the Eleventh Circuit relied on *N.Y. State. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), to conclude that Congress's authority to define and punish conduct that occurs in an EEZ is informed by the meaning of the "high seas" when the Framers ratified and adopted the Constitution. *Id.* at 821. Defendants argue this was error, as the Supreme Court has since clarified that *Bruen* was "not meant to suggest a law trapped in amber."

*United States v. Rahimi*, 602 U.S. 680, 691 (2024). Thus, Defendants contend that the relevant question is whether the principles that defined the "high seas" when the Constitution was ratified apply to the EEZs, not whether the exact location of the waters was considered the "high seas." ECF No. [21] at 11-12. The Government responds that *Alfonso* does address, and considered, whether the principles that defined the "high seas" at the Founding apply to EEZs. ECF No. [23] at 6.

The court in *Alfonso* concluded that "[n]othing about the modern EEZ as defined by customary international law disturbs in any way the Founding era concept of the term 'high seas' that informed the original meaning of the Felonies Clause." 104 F.4th at 823. Therefore, *Alfonso* squarely addresses, and rejects, Defendants' arguments. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."); *see also United States v. Arias*, 2024 WL 4212816, at *2 (11th Cir. Sept. 17, 2024) (rejecting the defendant's argument that he was not apprehended on the "high seas" because he was in the Dominican Republic's EEZ under the prior precedent rule and concluding that "*Alfonso* resolves this issue in the government's favor"); *United States v. Rodriguez-Diaz*, 2024 WL 3342475, at *2 (11th Cir. July 9, 2024) (concluding that *Alfonso* rejects the defendant's argument under the prior precedent rule).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Indictment, **ECF No. [21]**, is **DENIED**.

Case No. 24-cr-20401-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 31, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record